IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TYSON DION CALLOWAY-ARMSTRONG and EVELYN RACHEL NORTHERN, <br><br> Plaintiffs, <br><br> v. <br><br> CLARKSVILLE POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | No. 3:19-cv-00779 <br><br> Judge Trauger |

**MEMORANDUM**

Tyson Dion Calloway-Armstrong and Evelyn Rachel Northern co-filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Clarksville Police Department, the Metro Police Department, Drake Forrest, and Ion Chaney. (Doc. No. 1). The plaintiffs are residents of Nashville, Tennessee.

**I.     Screening Standard**

Because the plaintiffs are proceeding as paupers in this action, the court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly*

1

governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**II.  Section 1983 Standard**

The plaintiffs seek relief pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.  Alleged Facts**

According to the complaint, on December 15, 2017, the plaintiffs, who are husband and wife, pulled into the driveway of the residence of Plaintiff Calloway-Armstrong's father. Two to

three undercover police vehicles surrounded the plaintiffs, and police announced with guns drawn that there was an arrest warrant in Calloway-Armstrong's name. Officers arrested both of the plaintiffs and subsequently searched their home. In executing the search, the police took $150 that was under a mattress. The police did not seize any electronic devices, even though the search warrant stated that all electronic devices must be seized. The police left a copy of the search warrant and an illegible inventory list at the plaintiffs' residence.

Later, the plaintiffs attempted to obtain a copy of the affidavit of record stated for the search warrant. The county clerk's office stated that they had no record of the warrant or the affidavit. Agent Ion Chaney, the officer who gave the sworn statement for the warrant, refused to speak with the plaintiffs. The public information officer of Montgomery County told the plaintiffs that he could not locate any record of the affidavit or the warrant. The plaintiffs believe a forged warrant was executed on their home.

The plaintiffs have spent the last two years pursuing legal recourse for the December 15, 2017 search and arrest. Recently the plaintiffs were told that the "The State of Tennessee is no longer prosecuting." (Doc. No. 1 at 5). The plaintiffs have submitted copies of the May 29, 2019 state court orders expunging their criminal records pertaining to these crimes. (*Id*., Attach. 1). The plaintiffs' property that was taken during the search of their home has not been returned to them.

IV. **Analysis**

    A.     **Section 1983 Claims**

First, the plaintiffs name the Clarksville Police Department and the Metro Police Department as defendants. (Doc. No. 1 at 1). However, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v.*

3

*McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Clarksville or Metro Police Department. These claims will be dismissed.

Second, the complaint names Drake Forrest, a "Metro Police" officer, and Agent Chaney, a Clarksville police officer, as defendants in their official capacities only. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)). Thus, the plaintiffs' official capacity claim against Officer Forrest is a claim against the City of Nashville, Tennessee,[1] and the plaintiff's official capacity claim against Agent Chaney is a claim against Montgomery County, Tennessee.

A municipal entity may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a claim against the City of Nashville or Montgomery County, the plaintiffs must allege that they "suffered a constitutional violation" and that the City or County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92).

---

[1] The complaint alleges that Officer Forrest is a "Det. Metro Police Officer" and his place of employment is in Nashville, Tennessee. (Doc. No. 1 at 2).

### 1. False arrest claims

The complaint alleges that the plaintiffs were arrested without probable cause. False arrest claims can be brought pursuant to federal or state law. *Voticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Id*. Probable cause exists "'if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 250 (6th Cir. 2010) (quoting *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009)); *see also Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)). "The establishment of probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Moncivais*, 401 F.3d 751, 756 (6th Cir. 2005) (citation and internal quotations omitted). When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)).

Here, the complaint alleges that Agent Chaney was involved in the preparation of and/or the execution of a forged warrant against the plaintiffs. The complaint further alleges that the plaintiffs ultimately were not prosecuted for the crimes for which they were arrested. Agent Chaney, however, was not named as a defendant in his individual capacity.

Even liberally construing the complaint, it does not identify or describe any of Montgomery County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings

caused the alleged violations of the plaintiffs' rights; and it does not identify any other previous instances of similar violations that would have put Montgomery County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Montgomery County. The plaintiffs' claims against Agent Chaney in his official capacity, which are construed as claims against Montgomery County, therefore must be dismissed.

The complaint does not clarify what role Officer Forrest played in the alleged events, if any. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005). However, the complaint did not name Officer Forrest as a defendant in his individual capacity. He is only named as a defendant in his official capacity which, as discussed above, is essentially a suit against his employer, which appears to the be City of Nashville. Even liberally construing the complaint, the plaintiffs do not allege that any of the unconstitutional conduct in the complaint was caused by a policy or custom of the City of Nashville. The plaintiffs, therefore, fail to state a claim against the City of Nashville, and the City of Nashville will be dismissed. Likewise, the plaintiffs' official capacity claims against Officer Forrest will be dismissed.

The complaint appears to allege that Agent Chaney did not have probable cause for the plaintiffs' arrest. Taking into account the plaintiffs' pro se status, the plaintiffs will be permitted to amend their complaint to allege false arrest claims under Section 1983 against Agent Chaney in his individual capacity.

6

### 2. Fourth Amendment claims

The Fourth Amendment requires that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. "Generally, the government may not search an individual's home without the individual's consent or a search warrant supported by probable cause." *United States v. Stover*, 474 F.3d 904, 911 (6th Cir. 2007).

The complaint alleges that officers violated the plaintiffs' Fourth Amendment rights when officers searched the plaintiffs' residence and seized items from the plaintiffs' residence pursuant to a forged warrant. These allegations are sufficient to state colorable Fourth Amendment claims against the officers. However, it is unclear from the complaint which officers executed the warrant and seized the plaintiffs' property. The court will permit the plaintiffs to amend the complaint to identify the individuals responsible for executing the warrant and seizing the plaintiffs' property.

### 3. Malicious Prosecution claims

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'" *Id.* (quoting *Wallace*, 549 U.S. at 390).

To succeed on a malicious prosecution claim, a plaintiff must show that (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty; and *(*4) the criminal proceeding has been resolved in the plaintiff's favor. *Id.; see also Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, to recover damages under Section 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

Here, the complaint alleges that there was a lack of probable cause for the criminal prosecution of the plaintiffs, the plaintiffs suffered a deprivation of liberty, and the criminal proceedings have been resolved in the plaintiffs' favor. However, because it is unclear from the complaint which individual(s) made, influenced, or participated in the decision to prosecute the plaintiffs, the plaintiffs will be permitted to amend their complaint to identify such individual(s).

**B.     State Law Claims**

The pro se complaint can be construed as alleging state law claims in addition to the federal claims discussed above. Title 28 U.S.C. § 1367 provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...." *Id*. Pursuant to Section 1367, it is "within the district court's discretion to decline to exercise jurisdiction over Plaintiffs' state-law claims once it dismisse[s] the federal claims." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc*., 485 F.3d 840, 853 (6th Cir. 2007). Moreover, "in the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Robert N. Clemens Trust*, 485 F.3d at 853.

Here, the court has determined that the plaintiffs' federal claims as presented are subject to dismissal. However, because the court is permitting the plaintiffs an opportunity to amend their complaint, the court will not dismiss the plaintiffs' state law claims at this time. Should the plaintiffs fail to file the optional amendments, or should the amendments to the complaint fail to state Section 1983 claims upon which relief can be granted, the court will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims and will dismiss those claims without prejudice.

## V. Conclusion

As set forth above, the court finds that the plaintiffs' allegations fail to state claims under Section 1983 upon which relief can be granted. However, rather than dismiss the complaint for failure to state a claim, the court will allow the plaintiffs an opportunity to file an amended complaint, as discussed above. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal...."). The court will provide the plaintiffs specific directions for filing an amended complaint in the accompanying order.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge